EXCELLENT PUBLICATIONS, INC., Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6013.

United States Court of Appeals First Circuit.

Nov. 1, 1962.

Shane Devine, Manchester, N. H., with whom Devine, Millimet & McDonough, Manchester, N. H., was on brief, for appellant.

William H. Craig, Jr., U. S. Atty., with whom Paul L. Normandin, Asst. U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The appellant, another corporation, and three individuals said to be executive officers of the appellant, were indicted in seven counts by a grand jury in the court below for knowingly using and causing the use of the mails for the delivery of "obscene, lewd, lascivious, filthy or indecent matter" in violation of § 1461 of Title 18 U.S.C. Each count in the indictment refers to a separate issue of a so-called "Girlie" magazine called "The Gent" described on its cover as "An Approach to Relaxation." Trial by jury resulted in the acquittal of the other corporation, by direction of the court as to five of the seven counts and by verdict of the jury as to the other two, a disagreement as to the three individual defendants and a verdict of guilty on all seven counts as to the appellant.

Taking the approach spelled out by Mr. Justice Harlan in his separate opinion in Roth v. United States, 354 U.S. 476, 497, 498, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), restated by him with Mr. Justice Stewart's concurrence in Manual Enterprises v. Day, 370 U.S. 478, 489, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962), and in the latter case not disputed by the concurring Justices or even the dissenting Justice, the dispositive question on this

appeal is whether each issue of the magazine in question, taken as a whole, can, under any permissible constitutional standard, be deemed to be beyond the pale of contemporary notions of rudimentary decency, that is to say "obscene" in the statutory sense, and therefore not within the protection of the guarantee of freedom of the press contained in the First Amendment of the Constitution of the United States. Roth v. United States, 354 U.S. 476, 485, 77 S.Ct. 1304, 1 L.Ed. 2d 1498 (1957). Whether this question be deemed one of fact or of mixed fact and law, it is one for judicial determination on the relevant materials. In these cases, as in all criminal cases, the Government's evidence must be judicially scrutinized to see if it can withstand a motion for acquittal. The only difference is that in these cases the Government's basic evidence is available for visual inspection. See the opinion of Mr. Justice Harlan concurred in by Mr. Justice Stewart in the Manual Enterprises case, 370 U.S. at 488, 82 S.Ct. at 1432. Indeed, on this point it would seem that the Court is in agreement, for only on its own evaluation of the relevant materials would it have summarily remanded Mounce v. United States, 355 U.S. 180, 78 S.Ct. 267, 2 L.Ed.2d 187 (1957), on the basis of Roth v. United States, or, on the basis of the same case, summarily reversed in One, Inc. v. Olesen, 355 U.S. 371, 78 S.Ct. 364, 2 L.Ed.2d 352 (1958), and Sunshine Book Co. v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958). See also Flying Eagle Publications, Inc. v. United States, 273 F.2d 799, 803 (C.A. 1, 1960). We turn, therefore, to consideration of the relevant materials to see if a jury could properly find them obscene within the meaning of the statute construed in the light of the constitutional limitation on the power of Congress to legislate in abridgment of the freedom of the press.

The magazines involved are printed on "slick" paper and sell on the newsstands for $.50 a copy. They are obviously aimed at a somewhat "sophisticated" male audience. The Government concedes that the text is in the main innocuous. But it contends that the text when combined with reproduced photographs of provocatively posed nude and partially nude female models makes each magazine as a whole "obscene" according to the standard laid down by the Court in the Roth case and elaborated upon by Justices Harlan and Stewart in the Manual Enterprises case. We cannot agree.

Each issue of the magazine does indeed contain a number of colored and uncolored reproductions of photographs of nude and partially nude young women, usually protrayed in a seductive pose. But in none of them is there exposure of the genitalia. In every instance that area is covered in some way either by the pose or by clothing or drapery or by some object in the foreground. In order of emphasis exposure is of the bare breasts, legs and buttocks. In most instances the models are posed alone, and on the occasions when they are posed with men, the men are fully clothed and the women, with one exception, are dressed from the waist down.[1]

The magazine is without social significance. The pictures in it are not for a moment to be compared with pictures of similarly unclad female natives of tropical countries to be found in the magazines of the National Geographic Society. Nor can the pictures be definitely classified as "art." On the other hand, they are not wholly without at least some artistic pretension. That is to say, it cannot be said that the pictures constitute the grossest kind of vulgarity with respect to matters of sex, unrelieved by any pretense to artistic merit, which could have no object, purpose or conse-

---

1. In one series of pictures purportedly taken in a Japanese bath a number of nude young Japanese women are shown with a male Japanese, apparently a masseur, clothed in white shorts and a sleeveless undershirt.

quence but to arouse the prurient interest of the normal male.[2]

 Nudity is not necessarily obscenity, as the courts have frequently had occasion to point out. The pictures of nude and near nude women are titillating and provocative. But so also are some of the greatest works of pictorial art. The pictures in "The Gent" are no more provocative than those on the covers of many pocket books generally on display in drug stores, newsstands, book stores and like establishments. Moreover, if front view group photographs of naked men, women and children with exposure of the genital areas of both sexes are not obscene as a matter of law, Sunshine Book Co. v. Summerfield, 128 F.Supp. 564 (D.D.C. 1955), affirmed, 101 U.S.App.D.C. 358, 249 F.2d 114 (1957), reversed by the Supreme Court, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 per curiam on Roth v. United States, we do not see how it can be said that the pictures in the magazines before us, in which the genital areas are never exposed, are obscene in the statutory sense even in spite of the somewhat seductive poses of the models. In short the pictures simply are not the kind of "hard core pornography" within the reach of the statute construed in the light of the constitutional guarantee of freedom of the press. To hold otherwise would leave the door ajar to Congressional intrusion into a constitutionally protected area, a door which we are admonished, " * * * must be kept tightly closed and opened only the slightest crack necessary to prevent encroachment upon more important interests." Roth v. United States, supra, 354 U.S. at 488, 77 S.Ct. at 1311.

The conclusion we have reached makes consideration of other questions raised by the appellant unnecessary. We will add, however, for future guidance in these cases that the "community" in terms of whose standards of decency the issue of obscenity must be decided is not any local community but the national community as a whole. Manual Enterprises v. Day, supra, 370 U.S. at 488, 82 S.Ct. at 1432.

Judgment will be entered remanding the case to the District Court with directions to grant the appellant's motion for acquittal.